# EXHIBIT
# G

# AMENDED AND RESTATED
# BY-LAWS OF
# UNITED NEIGHBORHOOD ORGANIZATION OF CHICAGO (UNO)
## an Illinois Not-for-Profit Corporation

**as amended and restated by the Board of Directors
on November 26, 2014.**

## ARTICLE I

## ORGANIZATION

**Section 1.1 Name.**  The name of the corporation is United Neighborhood Organization of Chicago (the "Corporation").

**Section 1.2. Purpose.** The Corporation is organized as a charitable corporation within the meaning of Section 501 (c) (3) of the Internal Revenue Code of 1986, as amended from time to time (the "Code").

*Section 1.2.1*    UNO Mission Statement – UNO leads the transformation of the Hispanic Community toward an educated, powerful, and prosperous citizenry by engaging and challenging it to redefine its potential and its legacy in metropolitan Chicago and The United States of America.

*Section 1.2.2*  UNO Vision – UNO believes that Chicagoland's Hispanic community is similar to its Irish, German, and Polish counterparts, among others.  As with these immigrant groups, local Hispanics have come to the United States to build upon and benefit from American opportunity, working hard to create better lives for their families.  Representing an historic wave of immigration in the late 20th Century, Hispanics are the newest incarnation of the American tradition – their visions and determination are at the heart of the American Dream.

However, the Hispanic immigrant experience also carries a set of challenges that have and will continue to try this community not in its ability to grow, but to prosper in the United States.  The nation's largest drop-out rate, gang violence, and teenage pregnancy, among other problems, have for decades created a rift between Hispanic potential and performance.  Even so, practical solutions to these problems still play second to politically-expedient and media-driven agendas, which benefit by portraying Hispanics as a downtrodden, victimized community in need of social justice.

UNO feels that this depiction is drastically inappropriate and perpetuates a vision of Hispanics as a community driven by self-doubt rather than opportunity. To the contrary, UNO believes that Hispanics must be challenged to take full advantage of

American possibilities through an active participation in this country and deep investments in their families, neighborhoods, and activities including civic engagement, education, health, economic development and recreational/sports programing. Only through this type of engagement will Hispanics be able to define their own agendas and guide their own futures. Since its inception UNO has seen that, when presented with this challenge on an individual level, Hispanics rise to the occasion, employing the same level of determination that drove them to his country to do what is right for their families.

The challenge that remains for Hispanics though is to catalyze this type of engagement on a wide scale, carrying out serious – and community driven – analysis of what is considered acceptable among Hispanics and promoting leadership and policies that maintain accordingly high standards and sound planning for the future.

*Section 1.2.3*   UNO Constituency – UNO accomplishes its mission through grass-roots advocacy and outreach campaigns; a schedule of community-based programs in areas including, but not limited to, immigration, parental involvement, economic development and health care; projects in survey research and policy advocacy; and the fostering of low-income housing by developing, owning and operating affordable housing directly or through one or more subsidiaries or affiliates. UNO is the largest Hispanic community-based organization in Chicagoland and conducts activities in the city of Chicago as well as surrounding suburban cities that maintain large Hispanic populations.

*Section 1.2.4*   The Corporation shall be permitted to engage in any lawful act or activity and to exercise any powers permitted to not for profit corporations organized under the laws of its jurisdiction of formation that are related or incidental to and necessary, convenient or advisable for the accomplishment of the above mentioned purposes.

**Section 1.3. Principal Office.** The Corporation shall have and continuously maintain a principal office at such location in the State of Illinois as the Board of Directors of the Corporation shall from time to time determine. The Corporation's principal office is located at 954 W. Washington, 3rd Floor, Chicago, Illinois 60607.

**Section 1.4. Registered Office and Agent.** The Corporation shall have and continuously maintain a registered office and agent in the State of Illinois in accordance with the requirements of the Illinois General Not for Profit Corporation Act of 1986, as amended (the "Act"). The registered office may, but need not, be identical with the principal office of the Corporation.

# ARTICLE II

## MEMBERS

**Section 2.1. Designation.** The Corporation shall have no members, as such. For all purposes of Illinois law, the directors of the Corporation shall exercise all powers of members.

# ARTICLE Ill

## DIRECTORS

**Section 3.1. General Powers.** Except as otherwise expressly provided by law, the property and affairs of the Corporation shall be managed by or under the direction of its Board of Directors, which shall be the governing body of the Corporation. The Board of Directors may exercise all the powers, rights, and privileges of the Corporation, whether expressed or implied in the Articles of Incorporation or conferred by the Act or otherwise, and may do all acts and things which may be done by the Corporation. Each Director shall be entitled to one full vote on each matter.

**Section 3.2. Number and Qualifications.** The Corporation's Board of Directors shall be composed of no less than five and no more than nine directors. The number of directors may be increased or decreased to any number by the affirmative vote of the majority of directors. No decrease in the number of directors shall have the effect of shortening the term of an incumbent director.

**Section 3.3. Resignation and Removal.** Any director may resign by written notice delivered to the Board of Directors, or to the Chief Executive Officer or Secretary of the Corporation. A resignation is effective when the notice is delivered, unless the notice specifies a future date. Any pending vacancy may be filled pursuant to Section 3.11 before the effective date of the resignation. Any director may be removed, with or without cause, by the affirmative vote of the majority of the directors.

**Section 3.4. Term of Office.** Each director shall hold office for a two-year term, but is eligible for re-election to an infinite number of terms; provided that as soon as possible after the effective date of these By-Laws, the Chairperson of the Board shall designate certain Directors to serve on terms expiring on the date of the Annual Meeting in 2014, and shall further designate certain Directors to serve on terms expiring on the date of the Annual Meeting in 2015. A director shall serve until his or her successor shall have been elected and qualified.

**Section 3.5. Annual Meeting of Directors**. An annual meeting of the Board of Directors shall be held at such place within or without the State of Illinois as may be fixed by the Board of Directors, on the first Thursday of November of each year or on such other day as shall be fixed by resolution of the Board of Directors. No notice, other than these By-Laws or resolution of the Board of Directors need be given. Failure to hold an annual meeting at the designated time and place shall not work a forfeiture or dissolution of the Corporation.

**Section 3.6. Regular and Special Meetings of Directors.** The Board of Directors shall meet at least quarterly. The Board of Directors may provide, by resolution, the time and place, within or without the State of Illinois, for the holding of its regular quarterly meetings. Special meetings of the Board of Directors may be called at any time by or at the request of the Chairperson of the Board or by a majority of the Board of Directors. The time and place of special meetings shall be at such a time and in such a place, within or without the State of Illinois, as may be designated by the person or persons calling the meeting.

**Section 3.7. Notice.** The Secretary of the Corporation shall give, or cause to be given, written notice of any regular or special meetings of the Board of Directors at least two days prior to such meeting date, to each director at the address or email address furnished by such director to the Secretary of the Corporation for such purpose, except that no special meeting of the Board of Directors may remove a director unless written notice of the proposed removal is delivered to all directors at least seven days prior to such meeting. If delivered by hand or by electronic transmission, such notice shall be deemed to be given when delivered. If mailed, such notice shall be deemed to be given two business days after deposit in the United States mail so addressed, postage prepaid. A waiver of notice in writing signed by the director entitled to such notice, whether before or after the time stated in such notice, shall be deemed equivalent to the giving of such notice. Attendance at any meeting shall constitute waiver of notice of such meeting unless the person attends the meeting for the express purpose of objecting to the transaction of affairs of the Corporation at the meeting because the meeting is not lawfully called or convened. Neither the affairs to be conducted at, nor the purpose of, any regular meeting of the Board of Directors need be specified in the notice or waiver of notice of such meeting. In the case of a special meeting or when otherwise required by law or these By-Laws, including in the case of the removal of a director, the purpose of the meeting shall be identified in the written notice.

**Section 3.8. Quorum.** A majority of the then elected and qualified members of the Board of Directors is a quorum for the transaction of business at any meeting of the Board unless a greater number is required by law, the Articles of Incorporation of the Corporation, or these By-laws, provided that if less than a majority of the then elected and qualified directors are present at said meeting, a majority of the directors present may adjourn the meeting to another time without further notice.

**Section 3.9. Informal Action by Directors.** Any action required to be taken, or which may be taken, at a meeting of the Board of Directors may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all directors. Any consent may be signed in counterparts. All signed copies of any such written consent shall be delivered to the Secretary of the Corporation to be filed in the corporate records. The action taken shall be effective when all the directors have signed the consent unless the consent specifies a different effective date. Any such consent signed by all of the directors shall have the same effect as a unanimous vote.

**Section 3.10. Manner of Acting.** The affirmative votes of a majority of the directors present at a meeting of the Board of Directors at which a quorum is present is the act of the Board of Directors, unless the affirmative vote of a greater number is required by law or these By-Laws. No director may act by proxy on any matter.

**Section 3.11. Vacancies.** A vacancy in the Board of Directors occurring by reason of death, resignation, or removal of a director or of an increase in the number of directors shall be filled by nominations made by any director and submitted to the Board of Directors. The directors shall then vote for one or more persons, depending on the positions to be filled, at any regular or special meeting duly convened. A director elected to fill a vacancy shall be elected for the unexpired term of such person's predecessor in office.

**Section 3.12. Reimbursement and Compensation.** Directors shall receive no compensation for their services as directors. Directors shall be entitled to reimbursement for expenses reasonably incurred in the discharge of their duties as directors.

**Section 3.13. Election of Chairperson.** At the annual meeting of the Board, a Chairperson of the Board shall be elected by the directors, and if so elected shall take office beginning on the first day of the fiscal year immediately following the annual meeting.

**Section 3.14. Organization.** At meetings of the Board of Directors, the Chairperson of the Board shall preside as chair of the meeting. In the absence of the Chairperson of the Board, the Vice Chairman, if present, otherwise a person chosen by a majority vote of the directors present at the meeting shall act as chairperson of the meeting. The Secretary of the Corporation or, in the absence of the Secretary, a person appointed by the chairperson of the meeting, shall act as secretary of the meeting. The chairperson of the meeting shall have the right to decide, without appeal, the order of business for such meeting and all procedural matters, including the right to limit discussion that is unreasonably cumulative, prolonged, or irrelevant.

**Section 3.15. Presumption of Assent.** A director who is present at a meeting of the Board of Directors at which action on any matter is taken is presumed conclusively to have assented to the action taken unless such director's dissent is entered in the minutes of the meeting or unless such director shall file a written dissent to such action with the person acting as the secretary of the meeting before the adjournment of the meeting or shall forward such dissent by registered or certified mail to the Secretary of the Corporation immediately after the adjournment of the meeting. Such right to dissent shall not apply to a director who voted in favor of such action.

**Section 3.16. Mode of Meetings.** Unless specifically prohibited by the Articles of Incorporation of the Corporation or these By-Laws, members of the Board of Directors or any other committee designated by the Board of Directors may participate in and act at any meeting of the Board of Directors or such committee through use of a conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other. Participation in a meeting by such means shall constitute attendance and presence in person at the meeting of the person or persons so participating for all purposes, including fulfilling the requirements of Sections 3.8 and 3.10.

## ARTICLE IV

## OFFICERS

**Section 4.1.  Designation and Qualifications.** The officers of the Corporation are a Chairperson, Chief Executive Officer, a Treasurer, a Secretary, and such other officers as may be elected by the Board of Directors.  A President of the Corporation may also be elected by the Board.  The Board of Directors shall elect such officers to serve for terms of one year and until their respective successors shall have been elected and qualified. The same person may hold any two or more offices. Officers whose authority and duties are not prescribed in these By-Laws shall have the authority and perform the duties prescribed from time to time by the Board of Directors.

**Section 4.2. Term of Office, Resignation, and Removal.** Officers of the Corporation shall be elected at each annual meeting of the Board of Directors to serve the Corporation for a period of one year and until their respective successors shall have been elected and qualified: provided, however, that the term of any officer may be terminated sooner by death, resignation, or removal.  Any officer may be removed by the Board of Directors at any time, with or without cause, by a majority of the directors present at a meeting of the Board of Directors at which a quorum is present. Any such removal shall be without prejudice to the contract rights, if any, of the person so removed, but election to office shall not of itself create any contract rights.

**Section 4.3. Vacancies.** A vacancy in any office, however arising, if filled, shall be filled for the unexpired portion of the term in the same manner as provided for election to the office.

**Section 4.4. Control by Board of Directors.** The powers and duties of officers of the Corporation as prescribed by this Article or elsewhere in these By-Laws are subject to alteration or suspension by the Board of Directors, from time to time either in general or in specific instances or for specific purposes, all as set forth in a resolution of the Board of Directors effecting such alteration or suspension.

**Section 4.5 Chairperson**. The Chairperson shall be the chief executive officer of the Board and, in general, the powers and duties of the Chairperson shall be those ordinarily incidental to the office of chairperson of a  for-profit corporation and such other powers and duties as may be conferred or delegated to the Chairperson by the Board of Directors.   Without limiting the generality of the foregoing by this specification, the Chairperson shall preside over the meetings of the Board and the Executive Committee.

**Section 4.6. Chief Executive Officer.** The Chief Executive Officer is the principal executive officer of the Corporation and shall have charge of the day to day affairs of the Corporation. In general, the powers and duties of the Chief Executive Officer are those ordinarily exercised or performed by the chief executive officer of a for-profit corporation and such other powers and duties as may be assigned to the Chief Executive Officer by the Board of Directors. The Chief Executive Officer shall have the authority to appoint one or more senior staff members and/or vice presidents of the Corporation and to define their duties, provided, however, that Board approval shall be required for any such position that is to be compensated at the rate of $125,000 or more annually.  Without limiting the generality of the foregoing by this specification, the Chief Executive Officer shall see that the resolutions and directions of the Board of Directors are carried into effect. Except in those instances in which the authority to execute is expressly delegated to another officer or agent of the Corporation, or a different mode of execution is expressly prescribed by the Board of Directors or these By-Laws, the Chief Executive Officer may execute for the Corporation all such documents as needed for the conduct of the Corporation's affairs in the ordinary course, as well as any contracts, deeds, mortgages, leases, bonds, checks, notes, or other documents made by the Corporation, and the Chief Executive Officer may accomplish such execution without a seal of the Corporation and either individually or with the Secretary or any other officer so authorized by the Board of Directors, according to the requirements of the form of the document. The Chief Executive Officer shall consult on a regular basis with the Board of Directors regarding the Corporation's activities and programs.   The hiring and compensation of the Chief Executive Officer will be determined by the Board of Directors.   The Chief Executive Officer shall have the authority to appoint employees and agents of the Corporation, define their duties and

fix their compensation, provided, however, that any such positions or engagements that exceed a compensation level of $125,000 annually shall require prior approval of the Board.

      **Section 4.7. Treasurer.** The Treasurer is the principal accounting and financial officer of the Corporation and, in general the powers and duties of the Treasurer shall be those ordinarily incidental to the office of treasurer of a for-profit corporation and such other powers and duties as may be assigned to the Treasurer by the Board of Directors or by the Chairperson.  Without limiting the generality of the foregoing by this specification, the Treasurer shall (a) have charge of and be responsible for the maintenance of adequate books of account for the Corporation; and (b) render such reports with respect to accounting and financial matters to the Chief Executive Officer and to the Board of Directors at such intervals as they may require.

      **Section 4.8.  Secretary.** In general, the powers and duties of the Secretary shall be those ordinarily incidental to the office of secretary of a for-profit corporation and such other powers and duties as may be assigned to the Secretary by the Board of Directors or by the Chairperson. Without limiting the generality of the foregoing by this specification, the Secretary shall (a) attend all meetings of the Board of Directors, record the minutes of the meetings of the Board of Directors in one or more books provided for that purpose, and shall include in such books the actions by written consent of the Board of Directors; (b) see that all notices are duly given in accordance with the provisions of these By-Laws or as required by law; (c) be the custodian of the corporate records and certify the By-Laws, resolutions of the Board of Directors and any committees of the Board of Directors, and other documents of the Corporation as being true and correct copies of such documents, records and resolutions; (d) keep a register of the post office address of each director and member which shall be furnished to the Secretary by such director or member; (e) sign with the Chief Executive Officer, or any other officer so authorized by the Board of Directors, any contracts or other documents which the Board of Directors has authorized, and the Secretary may (without previous authorization by the Board of Directors) sign with such other officers as provided above such contracts and other documents as the conduct of the Corporation's affairs in its ordinary course requires, in each case according to the requirements of the form of the document, except when a different mode of execution is expressly prescribed by the Board of Directors or these By-Laws; and (f) keep and file all reports, statements, and other documents required by law, except when the duty is expressly imposed on some other officer or agent.

# ARTICLE V

## STANDING AND SPECIAL COMMITTEES

**Section 5.1. Formation.** The Board of Directors may, by resolution, create one or more standing or special committees, as it shall deem necessary from time to time each of which shall consist of such persons as the Board of Directors designates. Each committee shall have as a member at least two directors of the Corporation, and a majority of its membership shall consist of directors.

**Section 5.2. Standing Committees.** There shall exist an (a) Executive Committee (b) Audit and Compliance Committee; (c) Compensation Committee and a (d) Nominating and Governance Committee. There shall be in place a written policy, adopted by the Board of Directors, as to the guidelines to be followed by each such committee. The Board of Directors shall appoint the members of the committees.

**Section 5.3. Executive Committee.** The Chairperson, the Vice Chairperson, and one additional Board member appointed by the Board of Directors shall constitute the Executive Committee. The Chairperson shall be the chair of the Executive Committee.

- The Executive Committee shall meet upon the call of the chair, or of the other two members thereof. Two members thereof shall constitute a quorum.
- The Executive Committee shall possess all the powers of the Board when in session, except that it may not overrule, revise, or modify any previous acts of the Board, invade the jurisdiction of any permanent or special committee of the Board, and shall not have the power to amend the articles of incorporation, adopt a plan of merger or a plan of consolidation with another organization, authorize the sale, lease, exchange or mortgage of any of the property and assets of the Corporation or authorize the voluntary dissolution of the Corporation, unless previously specifically authorized by the Board in session or by a majority of the members individually in writing.
- The Executive Committee shall submit to the Board at its next regular meeting a written report of all actions taken since the previous meeting of the Board. Such record shall thereupon be incorporated into the Minutes of the Board as an integral part thereof.

**Section 5.4. Powers.** Each committee created under Section 5.2 shall have the powers specified in these By-laws and in the corporate resolution creating such committee as well as any powers not prohibited by law. Each committee created under Section 5.1 shall have the powers specified in the written policy adopted by the Board of Directors for such committee.

**Section 5.5. Tenure**. Members of Committees appointed pursuant to this Article shall serve for one year and until their successors have been appointed unless prior to the expiration of such term of service the committee is dissolved by the Board of Directors by resolution, or a member's service is sooner terminated by resignation, inability or unwillingness to serve, death, or removal by the Board of Directors.

**Section 5.6. Meetings.** The Board of Directors shall designate one of the members of each committee as its chairperson for any committee other than the Executive Committee. The chairperson shall preside at meetings of the committee. In the absence of the chairperson the committee members present shall appoint one of their number as a temporary chairperson. Notice of the time and place of meetings of committees shall be given to committee members at least two days in advance of the meeting, but such notice may be waived in writing or by attendance at the meeting.

**Section 5.7. Quorum.** Unless otherwise provided by the Board of Directors, a majority of the members appointed to a committee shall constitute a quorum. If a quorum is not present at a meeting, a majority of the members present may adjourn the meeting from time to time without further notice.

**Section 5.8. Manner of Acting.** The act of a majority of the members of a committee present at a meeting at which a quorum exists is the act of the committee. Any action which may be taken at a meeting of a committee may be taken without a meeting if a consent in writing setting forth such action shall be signed by all the members of the committee. Any consent may be signed in counterparts with the same force and effect as if all members of the committee had signed the same copy. All signed copies of any such written consent shall be delivered to the Secretary of the Corporation to be filed in the corporate records. The action taken shall be effective when all the members of the committee have signed the consent unless the consent specifies a different effective date.

**Section 5.9. Vacancies.** Vacancies in the membership of any committee may be filled by appointments made by the Chairperson.

## ARTICLE VI

## INDEMNIFICATION

**Section 6.1. Indemnification of Directors and Officers.** The Corporation shall, to the fullest extent to which it is empowered to do so by the Act or any other applicable laws as may from time to time be in effect, indemnify any person who was or is a party to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, by reason of the fact that such person is or

was a director, officer, or agent of the Corporation, or that such person is or was serving at the request of the Corporation as a director, officer or agent of another corporation, partnership, joint venture, trust or other enterprise, against all judgments, fines, reasonable expenses (including attorneys' fees), and amounts paid in settlement actually and reasonably incurred by such person in connection with such action, suit, or proceeding.

**Section 6.2. Contract with the Corporation.** The provisions of this Article shall be deemed to be a contract between the Corporation and each director or officer who serves in any capacity at any time while this Article is in effect, and any repeal or modification of this Article shall not affect any rights or obligations hereunder with respect to any state of facts then or theretofore existing or any action, suit, or proceeding theretofore or thereafter brought or threatened based in whole or in part upon any such state of facts.

**Section 6.3.  Payment of Expenses in Advance.** Expenses incurred in defending a civil or criminal action, suit, or proceeding maybe paid by the Corporation in advance of the final disposition of such action, suit, or proceeding, as authorized by the Board of Directors in the specific case, upon receipt of an undertaking by or on behalf of the director, officer, or agent to repay such amount, unless it shall ultimately be determined that such director, officer, or agent is entitled to be indemnified by the Corporation as authorized by this Article.

**Section 6.4. Insurance Against Liability**. The Corporation may purchase and maintain insurance on behalf of any person who is or was a director, officer, or agent of the Corporation, or who is or was serving at the request of the Corporation as a director, officer, or agent of another corporation partnership, joint venture, trust, or other enterprise, against any liability asserted against such person and incurred by such person in any such capacity, or arising out of such person's status as such, whether or not the corporation would have the power to indemnify such person against such liability under the provisions of these By-Laws.

**Section 6.5. Other Rights of Indemnification.** The indemnification provided or permitted by this Article shall not be deemed exclusive of any other rights to which those indemnified may be entitled by law or otherwise, and shall continue as to a person who has ceased to be a director, officer, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

# ARTICLE VII

## FEDERAL TAX PROVISIONS

**Section 7.1. Inuring of Benefits.** No part of the net earnings of the Corporation shall inure to the benefit of, or be distributable to any of its directors, officers, or other private persons, except that the Corporation shall be authorized to make payments and distributions in furtherance of the purposes set forth in the Corporation's Articles of Incorporation and these By-Laws.

**Section 7.2. Distribution of Assets Upon Dissolution.** Upon the dissolution of the Corporation, assets of the Corporation remaining after the satisfaction of liabilities shall be distributed pursuant to a plan of distribution adopted by the Board of Directors of the Corporation; provided, however, that any such plan of distribution shall be restricted to distribution of the remaining assets in a manner consistent with the purposes of the Corporation as set forth in Section 1.2 above. Any such assets not so disposed of shall be disposed of by a court of competent jurisdiction in the county in which the principal office of the Corporation is then located exclusively for such purposes or to such organization or organizations as said court shall determine which are organized and operated exclusively for such purposes.

# ARTICLE VIII

## CONFLICT OF INTEREST POLICY

**Section 8.1** The Board shall adopt a comprehensive Conflict of Interest Policy that will provide guidance to all those serving the Corporation to recognize, evaluate and resolve actual and potential conflicts of interest. Such policy shall define conflicts of interest and shall require that each officer, director, and employee with decision-making authority of the Corporation certify at least annually that he or she has no conflict that has not been disclosed in the appropriate certification form. The policy shall include practices for monitoring proposed or ongoing transactions and dealing with potential or actual conflicts, whether discovered before or after the transaction has occurred.

**Section 8.2** To ensure that actual and potential conflicts of interest associated with significant transactions are recognized, evaluated and resolved, the Board shall review and approve any transaction involving the expenditure of funds of $250,000 or more. Consistent with the Conflict of Interest Policy, the Board shall be provided with

enough information regarding the facts and circumstances of the transaction to satisfy the Board that any actual or potential conflicts of interest have been recognized and resolved such that the transaction may be approved. Furthermore, the Board shall have the authority to review any proposed transaction involving the expenditure of funds of less than $250,000 when the Board determines, in its discretion, that review is appropriate.

## ARTICLE IX

## MISCELLANEOUS

**Section 9.1. Leases.** The Corporation shall have the power, as either lessor or lessee, to lease equipment needed to conduct the affairs of the Corporation, and to lease land or buildings. Any such lease shall be in writing.

**Section 9.2. Deposits.** All funds of the Corporation that are not otherwise employed shall be deposited from time to time to the credit of the Corporation in such banks, trust companies, and other depositories as the Board of Directors or Chief Executive Officer shall select.

**Section 9.3. Reserved.**

**Section 9.4. Grants and Gifts.** The Board of Directors may accept on behalf of the Corporation any gift or grant for general purposes or special purposes of the Corporation. The Board of Directors may by resolution establish various programs for making grants, loans or gifts to individuals or businesses on the basis of furthering the Corporation's mission statement.

**Section 9.5. Books, Records, and Minutes.** The Corporation shall keep correct and complete books and records of accounts, and minutes of the proceedings of its Board of Directors and all committees having any of the authority of the Board of Directors. All such books records, and minutes shall be kept at the principal office of the Corporation or its registered agent, and may be inspected by any director entitled to vote, or that director's agent or attorney, for any proper purpose at any reasonable time.

**Section 9.6. Fiscal Year.** For accounting and related purposes, the fiscal year of the Corporation shall begin on the first day of January and end on the last day of December of each year.

**Section 9.7. Amendment of Bylaws.** These Bylaws may be altered, amended, or repealed, and new By-laws may be adopted, by the Board of Directors, at any time or from time to time, by the vote of a majority of the directors of the Corporation then in office.

**Section 9.8. Bonds.** If required by the Board of Directors, any officer or agent of the Corporation shall give the Corporation a bond in such sum and with such surety or sureties as shall be satisfactory to the Board of Directors, conditioned upon the faithful performance of such person's duties and office. The cost of obtaining such bond shall be paid by the Corporation.

**Section 9.9. Parliamentary Procedure.** Robert's Rules of Order shall govern the procedure for all meetings of the Board and its committees, except to the extent otherwise provided in these By-laws.

AMENDED AND RESTATED

BYLAWS

OF

UNO CHARTER SCHOOL NETWORK, INC.
an Illinois Not-for-Profit Corporation

as amended and restated by the Board of Directors
on October 21, 2014

ARTICLE I
Offices

The Corporation shall continuously maintain in the State of Illinois a registered office and a registered agent whose business office is identical with such registered office and may have other offices within or without the state.

ARTICLE II
Purpose

SECTION 1. PURPOSE. The Corporation is organized and operated exclusively for charitable, scientific, literary and educational purposes, as described in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (or the corresponding provisions of any future United States internal revenue code) (the "Code"), under the General Not-for-Profit Corporation Act of 1986 of the State of Illinois (the "Act"), 805 ILCS 105/101.01 et seq, as amended, and is not organized for the private gain of any person. The Corporation's purposes include, without limitation, establishing and operating one or more "charter schools" as such term is used in the Charter Schools Law of the State of Illinois, 105 ILCS 5/27A-1 et seq.; providing a safe, academically challenging, nurturing educational environment for students; and satisfying all legal requirements necessary to preserve the good-standing of the Corporation under applicable state and federal law.

SECTION 2. PROPERTY. All corporate property is irrevocably dedicated to the purposes set forth above. No part of the net earnings of the Corporation shall inure to the benefit of, or be distributable to its Directors, officers, or other private persons, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in its Articles of Incorporation and these Bylaws. No substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the Corporation shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office.

Notwithstanding any other provisions of these Bylaws or the Articles of Incorporation, the Corporation shall not carry on any other activities not permitted to be carried on by a Corporation exempt from federal income tax under Section 501(c)(3) of the Code. The Corporation shall not engage in any activities which will result in a federal excise tax liability that is imposed on so-called private foundations, and to that end, shall not (a) engage in any act of self-dealing as defined in Section 4941(d) of the Code, (b) retain any excess business holdings as defined in Section 4943(c) of the Code, (c) make any investment in such manner as to subject the Corporation to tax under Section 4944 of the Code, or (d) make any taxable expenditures as defined in Section 4954(d) of the Code. The Corporation shall make distributions at such times and in such manner to prevent it from being subject to tax under Section 4942 of the Code.

## ARTICLE III
### Board of Directors

SECTION 1. GENERAL POWERS.  Except as otherwise expressly provided by law, the property and affairs of the Corporation shall be managed by or under the direction of its Board of Directors, which shall be the governing body of the Corporation.  The Board of Directors may exercise all the powers, rights, and privileges of the Corporation, whether expressed or implied in the Articles of Incorporation or conferred by the Act or otherwise, and may do all acts and things which may be done by the Corporation.  Each Director shall be entitled to one full vote on each matter.

SECTION 2. NUMBER AND QUALIFICATIONS.  The Corporation's Board of Directors shall be composed of no less than five and no more than eleven directors. The number of directors may be increased or decreased to any number by the affirmative vote of the majority of directors. No decrease in the number of directors shall have the effect of shortening the term of an incumbent director.

SECTION 3.  RESIGNATION AND REMOVAL**.** Any director may resign by written notice delivered to the Board of Directors, or to the Chairperson or Secretary of the Corporation. A resignation is effective when the notice is delivered, unless the notice specifies a future date. The pending vacancy may be filled pursuant to Section 13 before the effective date of the resignation. Any director may be removed, with or without cause, by the affirmative vote of the majority of the directors.

SECTION 4.  TERM OF OFFICE. Each director shall hold office for a two-year term, but is eligible for re-election to an infinite number of terms; provided that as soon as possible after the effective date of these By-Laws, the Chairperson of the Board shall designate certain Directors to serve on terms expiring on the date of the Annual Meeting in 2014, and shall further designate certain Directors to serve on terms expiring on the date of the Annual Meeting in 2015. A director shall serve until his or her successor shall have been elected and qualified.

SECTION 5. ANNUAL MEETTNG. A regular annual meeting of the Board shall be held at a time and place as determined by resolution or unanimous consent of the Board.

SECTION 6. REGULAR MEETINGS. The Board may provide, by resolution, the time

and place for the holding of additional regular meetings of the Board without other notice than such resolution. The Board shall meet at least quarterly. Failure to hold an annual meeting at the designated time and place shall not work a forfeiture or dissolution of the Corporation.

SECTION 7. SPECIAL MEETINGS. Special meetings of the Board may be called by or at the request of the Chairperson or a majority of the Board of Directors. The person or persons authorized to call special meetings of the Board may fix any place as the place for holding any special meeting of the Board called by them.

SECTION 8. ATTENDANCE. Any meeting, whether annual, regular or special, may be held by conference telephone or similar communications equipment, as long as all Directors participating in the meeting can hear one another, provided all applicable laws are adhered to in relation to the meeting. All such Directors shall be deemed present in person at such meeting.

SECTION 9. NOTICE. The Secretary of the Corporation shall give written notice of any regular or special meetings of the Board of Directors at least two days prior to such meeting date, to each director at the address or email address furnished by such director to the Secretary of the Corporation for such purpose, except that no special meeting of the Board of Directors may remove a director unless written notice of the proposed removal is delivered to all directors at least seven days prior to such meeting. If delivered by hand or by electronic transmission, such notice shall be deemed to be given when delivered. If mailed, such notice shall be deemed to be given two business days after deposit in the United States mail so addressed, postage prepaid. A waiver of notice in writing signed by the director entitled to such notice, whether before or after the time stated in such notice, shall be deemed equivalent to the giving of such notice. The attendance of a Director at any meeting shall constitute a waiver of notice of such meeting, except when a Director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of any regular or special meeting of the Board need be specified in the notice or waiver of notice of such meeting, unless specifically required by law or by these Bylaws.

SECTION 10. STATUTORY REQUIREMENTS OF MEETINGS. For all purposes of this Article, any annual, regular or special meeting of the Board shall be subject to the requirements set forth in the Freedom of Information Act, 5 ILCS 140/1 et seq., and the Open Meetings Act, 5 ILCS 120/1 et seq.

SECTION 11. QUORUM. A majority of the then elected and qualified members of the Board shall constitute a quorum for the transaction of business at any meeting of the Board, provided that if less than a majority of the Directors are present at said meeting, a majority of the Directors present may adjourn the meeting to another time without further notice; provided, however, that the period of adjournment does not exceed ten (10) days in which case notice of such adjourned meeting shall be required.

SECTION 12. MANNER OF ACTING. The act of a majority of the Directors present at a meeting at which a quorum is present shall be the act of the Board, unless the act of a greater number is required by statute, these Bylaws, or the Articles of Incorporation. No Director may

act by proxy on any matter.

SECTION 13. VACANCIES.  A vacancy in the Board of Directors occurring by reason of death, resignation, or removal of a director or of an increase in the number of directors shall be filled by nominations made by any director and submitted to the Board of Directors.  The directors shall then vote for one or more persons, depending on the positions to be filled, at any regular or special meeting duly convened. A director elected to fill a vacancy shall be elected for the unexpired term of such person's predecessor in office.

SECTION 14. INFORMAL ACTION BY DIRECTORS. The authority of the Board may be exercised without a meeting if consent in writing, setting forth the action taken, is signed by all of the Directors entitled to vote.

SECTION 15. REIMBURSEMENT AND COMPENSATION.  Directors shall receive no compensation for their services as directors. Directors shall be entitled to reimbursement for expenses reasonably incurred in the discharge of their duties as directors.

SECTION 16. PRESUMPTION OF ASSENT. A Director of the Corporation who is present at a meeting of the Board at which action on any Corporation matter is taken shall be conclusively presumed to have assented to the action taken unless his or her dissent shall be entered in the minutes of the meeting or unless he or she shall file his or her written dissent to such action with the person acting as the secretary of the meeting before the adjournment thereof or shall forward such dissent by registered or certified mail to the secretary of the Corporation immediately after the adjournment of the meeting. Such right to dissent shall not apply to a Director who voted in favor of such action.

Section 17. ELECTION OF CHAIRPERSON.  At the annual meeting of the Board, a Chairperson of the Board shall be elected by the directors, and if so elected shall take office beginning on the first day of the fiscal year immediately following the annual meeting.

Section 18. ORGANIZATION.  At meetings of the Board of Directors, the Chairperson of the Board shall preside as chair of the meeting.  In the absence of the Chairperson of the Board, the Vice Chairperson, if present, otherwise a person chosen by a majority vote of the directors present at the meeting, shall act as chairperson of the meeting. The Secretary of the Corporation or, in the absence of the Secretary, a person appointed by the chairperson of the meeting, shall act as secretary of the meeting. The chairperson of the meeting shall have the right to decide, without appeal, the order of business for such meeting and all procedural matters, including the right to limit discussion that is unreasonably cumulative, prolonged, or irrelevant.

ARTICLE IV
Officers

SECTION 1. OFFICERS. The officers of the Corporation shall be a Chairperson, Vice-Chairperson a Secretary-Treasurer, and such other officers as may be elected or appointed by the Board. Officers whose authority and duties are not prescribed in these Bylaws shall have the

- 4 -

authority and perform the duties prescribed, from time to time, by the Chairperson or the Board. Any two or more offices may be held by the same person.

SECTION 2. ELECTION AND TERM OF OFFICE. The officers of the Corporation shall be elected annually by the Board at the regular annual meeting of the Board. If the election of officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently may be. Vacancies may be filled or new offices created and filled at any meeting of the Board. Each officer shall hold office until his or her successor shall have been duly elected and shall have qualified or until his or her death or until he or she shall resign or shall have been removed in the manner hereinafter provided. Election of an officer shall not of itself create contract rights. Any officer may be removed by the Board of Director at any time, with or without cause, by a majority of the directors present at a meeting of the Board of Directors at which a quorum is present. Any such removal shall be without prejudice to the contract rights, if any, of the person so removed, but election to office shall not of itself create any contract rights. The same person may hold any two or more offices, except that the Chairperson and Secretary shall not be the same person.

SECTION 3. CONTROL BY BOARD OF DIRECTORS. The powers and duties of officers of the Corporation as prescribed by this Article or elsewhere in these By-Laws are subject to alteration or suspension by the Board of Directors, from time to time either in general or in specific instances or for specific purposes, all as set forth in a resolution of the Board of Directors effecting such alteration or suspension.

SECTION 4. REMOVAL. Any officer elected or appointed by the Board may be removed by the Board, with or without cause, by a majority of the directors present at a meeting of the Board of Directors, at which a quorum is present, if it determines the best interests of the Corporation would be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed.

SECTION 5. CHAIRPERSON. The Chairperson shall be the Chief Executive Officer of the Board and, in general, the powers and duties of the Chairperson shall be those ordinarily incidental to the office of chairperson of a for-profit corporation and such other powers and duties as may be conferred or delegated to the Chairperson by the Board of Directors. Without limiting the generality of the foregoing by this specification, the Chairperson shall preside over the meetings of the Board and the Executive Committee.

SECTION 6. VICE CHAIRPERSON. The vice chairperson (or in the event there be more than one vice chairperson, each of the vice chairperson) shall assist the chairperson in the discharge of his or her duties as the chairperson may direct and shall perform such other duties as from time to time may be assigned to him or her by the chairperson or the Board. In the absence of the chairperson or in the event of his or her inability or refusal to act, the vice chairperson (or in the event there be more than one vice chairperson, the vice chairperson, in the order designated by the Board, or by the chairperson if the Board has not made such a designation, or in the absence of any designation, then in the order of their seniority of tenure) shall perform the duties of the chairperson and, when so acting, shall have all the powers of and be subject to all

the restrictions on the chairperson. Except in those instances in which the authority to execute is expressly delegated to another officer or agent of the Corporation or a different mode of execution is expressly prescribed by the Board or these Bylaws, the vice chairperson (or any of them if there is more than one) may execute for the Corporation any contracts, deeds, mortgages, bonds, or other instruments that the Board has authorized to be executed and he or she may accomplish such execution either under or without the seal of the Corporation and either individually or with the secretary, any assistant secretary, or any other officer thereunto authorized by the Board, according to the requirements of the form of the instrument.

SECTION 7. SECRETARY-TREASURER. The Secretary-Treasurer is the principal accounting and financial officer of the Corporation and, in general the powers and duties of the Treasurer shall be those ordinarily incidental to the office of treasurer of a for-profit corporation and such other powers and duties as may be assigned to the Treasurer by the Board of Directors or by the Chairperson. Without limiting the generality of the foregoing by this specification, the Secretary-Treasurer shall (a) have charge of and be responsible for the maintenance of adequate books of account for the Corporation; and (b) render such reports with respect to accounting and financial matters to the Chairperson and to the Board of Directors at such intervals as they may require. The Secretary-Treasurer shall arrange for an independent audit of the books and records of the Corporation, from time to time and as required by state or federal law. Additionally, the Secretary-Treasurer shall be those ordinarily incidental to the office of secretary of a for-profit corporation and such other powers and duties as may be assigned to the Secretary-Treasurer by the Board of Directors or by the Chairperson. Without limiting the generality of the foregoing by this specification, the Secretary-Treasurer shall (a) attend all meetings of the Board of Directors, record the minutes of the meetings of the Board of Directors in one or more books provided for that purpose, and shall include in such books the actions by written consent of the Board of Directors; (b) see that all notices are duly given in accordance with the provisions of these By-Laws or as required by law; (c) be the custodian of the corporate records and certify the By-Laws, resolutions of the Board of Directors and any committees of the Board of Directors, and other documents of the Corporation as being true and correct copies of such documents, records and resolutions; (d) keep a register of the post office address of each director and member which shall be furnished to the Secretary by such director or member; (e) sign with the Chairperson, or any other officer so authorized by the Board of Directors, any contracts or other documents which the Board of Directors has authorized, and the Secretary may (without previous authorization by the Board of Directors) sign with such other officers as provided above such contracts and other documents as the conduct of the Corporation's affairs in its ordinary course requires, in each case according to the requirements of the form of the document, except when a different mode of execution is expressly prescribed by the Board of Directors or these By-Laws; and (f) keep and file all reports, statements, and other documents required by law, except when the duty is expressly imposed on some other officer or agent.

SECTION 8. ASSISTANT TREASURERS AND ASSISTANT SECRETARIES. The assistant treasurers and assistant secretaries shall perform such duties as shall be assigned to them by the treasurer or the secretary, respectively, or by the Chairperson or the Board. If required by the Board, the assistant treasurers shall give bonds for the faithful discharge of their duties in such sums and with such sureties as the Board shall determine.

SECTION 9. SALARIES. No officer of the Corporation shall be prevented from receiving such salary by reason of the fact that he or she is also a Director of the Corporation.

ARTICLE V
Committees and Commissions

SECTION 1. COMMITTEES. The Board, by resolution adopted by a majority of the Directors in office, may designate one or more committees, each of which will consist of two or more Directors and such other persons as the Board designates, provided that a majority of each committee's membership are Directors. The committees, to the extent provided in said resolution and not restricted by law, shall have and exercise the authority of the Board in the management of the Corporation; but the designation of such committees and the delegation thereto of authority shall not operate to relieve the Board, or any individual Director, of any responsibility imposed on it, him or her by law.

SECTION 2. STANDING COMMITTEES. There shall exist an (a) Executive Committee (b) Audit, Compliance and Finance Committee; (c) Compensation Committee; (d) Academic Committee and a (e) Nominating and Governance Committee. There shall be in place a written policy, adopted by the Board of Directors, as to the guidelines to be followed by each such committee. The Chairperson shall appoint the members of the committees.

SECTION 3. CHAIR. One member of each committee, advisory board, or commission shall be appointed chair by the Board.

SECTION 4. VACANCIES. Vacancies in the membership of any committee, advisory board, or commission may be filled by appointments made in the same manner as provided in the case of the original appointments.

SECTION 5. QUORUM. Unless otherwise provided in the resolution of the Board designating a committee, advisory board, or commission, a majority of the whole committee, advisory board, or commission shall constitute a quorum and the act of a majority of the members present a meeting at which a quorum is present shall be the act of the committee, advisory board, or commission.

SECTION 6. RULES. Each committee, advisory board, or commission may adopt rules for its own government not inconsistent with these Bylaws or with rules adopted by the Board.

SECTION 7. INFORMAL ACTION. The authority of a committee may be exercised without a meeting if consent in writing, setting forth the action taken, is signed by all the members entitled to vote.

ARTICLE VI
Indemnification

SECTION 1. INDEMNIFICATION OF DIRECTORS AND OFFICERS. The

- 7 -

Corporation shall, to the fullest extent to which it is empowered to do so by the Act or any other applicable laws as may from time to time be in effect, indemnify any person who was or is a party to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, by reason of the fact that such person is or was a director, officer, or agent of the Corporation, or that such person is or was serving at the request of the Corporation as a director, officer or agent of another corporation, partnership, joint venture, trust or other enterprise, against all judgments, fines, reasonable expenses (including attorneys' fees), and amounts paid in settlement actually and reasonably incurred by such person in connection with such action, suit, or proceeding.

SECTION 2. CONTRACT WITH THE CORPORATION. The provisions of this Article shall be deemed to be a contract between the Corporation and each director or officer who serves in any capacity at any time while this Article is in effect, and any repeal or modification of this Article shall not affect any rights or obligations hereunder with respect to any state of facts then or theretofore existing or any action, suit, or proceeding theretofore or thereafter brought or threatened based in whole or in part upon any such state of facts.

SECTION 3. PAYMENT OF EXPENSES IN ADVANCE. Expenses incurred in defending a civil or criminal action, suit, or proceeding shall be paid by the Corporation in advance of the final disposition of such action, suit, or proceeding, as authorized by the Board of Directors in the specific case, upon receipt of an undertaking by or on behalf of the director, officer, or agent to repay such amount, unless it shall ultimately be determined that such director, officer, or agent is entitled to be indemnified by the Corporation as authorized by this Article.

SECTION 4. INSURANCE AGAINST LIABILITY. The Corporation shall purchase and maintain insurance on behalf of any person who is or was a director, officer, or agent of the Corporation, or who is or was serving at the request of the Corporation as a director, officer, or agent of another corporation partnership, joint venture, trust, or other enterprise, against any liability asserted against such person and incurred by such person in any such capacity, or arising out of such person's status as such, whether or not the corporation would have the power to indemnify such person against such liability under the provisions of these By-Laws.

SECTION 5. OTHER RIGHTS OF INDEMNIFICATION. The indemnification provided or permitted by this Article shall not be deemed exclusive of any other rights to which those indemnified may be entitled by law or otherwise, and shall continue as to a person who has ceased to be a director, officer, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

ARTICLE VII
Federal Tax Provisions

SECTION 1. INURING OF BENEFITS. No part of the net earnings of the Corporation shall inure to the benefit of, or be distributable to any of its directors, officers, or other private persons, except that the Corporation shall be authorized to make payments and distributions in

- 8 -

furtherance of the purposes set forth in the Corporation's Articles of Incorporation and these By-Laws.

SECTION 2. DISTRIBUTION OF ASSETS UPON DISSOLUTION. Upon the dissolution of the Corporation, assets of the Corporation remaining after the satisfaction of liabilities shall be distributed pursuant to a plan of distribution adopted by the Board of Directors of the Corporation; provided, however, that any such plan of distribution shall be restricted to distribution of the remaining assets in a manner consistent with the purposes of the Corporation as set forth in Section 1 above. Any such assets not so disposed of shall be disposed of by a court of competent jurisdiction in the county in which the principal office of the Corporation is then located exclusively for such purposes or to such organization or organizations as said Court shall determine which are organized and operated exclusively for such purposes.

SECTION 3. RESTRICTED ACTIVITIES. The Corporation shall not conduct or carry on activities not permitted to be conducted or carried on by an organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code (the "Code") and its regulations as they now exist or as they may have hereafter be amended, or by an organization, contributions to which are deductible under 170(c)(2) of the Code and regulations as they now exist or as they may hereafter be amended.

## ARTICLE VIII
### Conflict of Interest Policy

SECTION 1. The Board shall adopt a comprehensive Conflict of Interest Policy that will provide guidance to all those serving the Corporation to recognize, evaluate and resolve actual and potential conflicts of interest. Such policy shall define conflicts of interest and shall require that each officer, director, and employee with decision-making authority of the Corporation certify at least annually that he or she has no conflict that has not been disclosed in the appropriate certification form. The policy shall include practices for monitoring proposed or ongoing transactions and dealing with potential or actual conflicts, whether discovered before or after the transaction has occurred.

SECTION 2. To ensure that actual and potential conflicts of interest associated with significant transactions are recognized, evaluated and resolved, the Board shall review and approve any transaction involving the expenditure of funds of $250,000 or more. Consistent with the Conflict of Interest Policy, the Board shall be provided with enough information regarding the facts and circumstances of the transaction to satisfy the Board that any actual or potential conflicts of interest have been recognized and resolved such that the transaction may be approved. Furthermore, the Board shall have the authority to review any proposed transaction involving the expenditure of funds of less than $250,000 when the Board determines, in its discretion, that review is appropriate.

## ARTICLE IX
### MISCELLANEOUS

SECTION 1. LEASES. The Corporation shall have the power, as either lessor or lessee, to lease equipment needed to conduct the affairs of the Corporation, and to lease land or buildings. Any such lease shall be in writing.

SECTION 2. DEPOSITS. All funds of the Corporation that are not otherwise employed shall be deposited from time to time to the credit of the Corporation in such banks, trust companies, and other depositories as the Board of Directors or Chairperson shall select.

SECTION 3. SENIOR HIRES. The approval of the Board of Directors shall be required for any position within the Corporation that is to be compensated at the rate of $125,000 or more annually.

SECTION 4. GRANTS AND GIFTS. The Board of Directors may accept on behalf of the Corporation any gift or grant for general purposes or special purposes of the Corporation. The Board of Directors may by resolution establish various programs for making grants, loans or gifts to individuals or businesses on the basis of furthering the Corporation's mission statement.

SECTION 5. BOOKS, RECORDS, AND MINUTES. The Corporation shall keep correct and complete books and records of accounts, and minutes of the proceedings of its Board of Directors and all committees having any of the authority of the Board of Directors. All such books records, and minutes shall be kept at the principal office of the Corporation or its registered agent, and may be inspected by any director entitled to vote, or that director's agent or attorney, for any proper purpose at any reasonable time.

SECTION 6. FISCAL YEAR. For accounting and related purposes, the fiscal year of the Corporation shall begin on the first day of July and end on the last day of June of each year.

SECTION 7. SERVICE CONTRACTS. The Corporation shall not enter into any contract for Comprehensive school management or operations services ("Service Contract") without prior submittal of such Service Contract to the Chicago Public Schools for review. Termination of any such Service Contract shall conform to the requirements of any applicable Renewal of Charter and Charter School Agreement.

SECTION 8. AMENDMENT OF BYLAWS. These Bylaws may be altered, amended, or repealed, and new By-laws may be adopted, by the Board of Directors, at any time or from time to time, by the vote of a majority of the directors of the Corporation then in office.

SECTION 9. BONDS. If required by the Board of Directors, any officer or agent of the Corporation shall give the Corporation a bond in such sum and with such surety or sureties as shall be satisfactory to the Board of Directors, conditioned upon the faithful performance of such person's duties and office. The cost of obtaining such bond shall be paid by the Corporation.

SECTION 10. PARLIAMENTARY PROCEDURE. Robert's Rules of Order shall govern the procedure for all meetings of the Board and its committees, except to the extent otherwise provided in these By-laws.